IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEVIN BROWN | § | |
| v. | § | CIVIL ACTION NO. 6:12cv612 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Kevin Brown, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Brown stated that he was convicted of intoxication manslaughter in the 294th Judicial District Court of Van Zandt County, Texas, receiving two consecutive ten-year sentences. He took a direct appeal and sought state habeas corpus relief, and then filed a federal habeas corpus petition which was dismissed with prejudice on April 23, 2012, because of the expiration of the statute of limitations. He filed the present federal habeas petition, challenging the same convictions, on September 7, 2012.

In his petition, Brown complained that he was denied due process when his first federal petition was dismissed as barred by limitations, because the limitations period should have been equitably tolled. In an attached memorandum of law, Brown argues that he was actually innocent of the offense because even though he was driving while intoxicated, he was in his own lane, and

1

the car with which he collided came into his lane, resulting in the head-on collision which killed the driver of the other car and her unborn child.

Brown stated that he is ignorant of the law and that he relied on inmate assistance in preparing his first petition, but this assistance was deficient in that the inmate who prepared his application "violated clear procedure for stating law on the application and failed to bring forth his most vital ground, actual innocence." For relief, he asked that he be allowed to withdraw his previous petition and that he get 30 to 90 days to refile it, raising all grounds and showing that he did not receive a fair trial.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed without prejudice as successive. The Magistrate Judge noted that Brown made no showing that he had secured permission from the Fifth Circuit Court of Appeals to file a successive petition, and in fact acknowledged that he had not received such permission. Although Brown argued that his petition is not successive because the ground which he raised - that the federal district court erred in dismissing his previous petition - could not have been raised in his earlier petition, the Magistrate Judge observed that this argument lacked merit because the allegedly improper dismissal of a federal habeas petition does not set out any basis for relief in a later petition. The Magistrate Judge also recommended that Brown be denied a certificate of appealability *sua sponte*, with the stipulation that such denial referred only to the present case and did not prevent Brown from seeking permission to file a successive petition.

Brown filed objections to the Magistrate Judge's Report on October 10, 2012. In his objections, Brown stated first that he did not consent to allow the Magistrate Judge to hear his case, asserting that the Magistrate Judge had been appointed as a "master" under Rule 53(b), Fed. R. Civ. P., but that this had been done without notice or consent. He additionally asserted that the Magistrate Judge lacked "personal jurisdiction" to hear the present case because the Magistrate Judge had issued the recommendation in Brown's prior case.

Next, Brown states that his present petition is not a challenge to his conviction, nor a challenge to the validity of the prosecution or the judgment of guilt, and thus should not prevent him from seeking the relief sought. He says that his earlier petition should have been dismissed without prejudice with leave to refile when corrections are made, and that he should be allowed to withdraw and refile his earlier petition because he was actually innocent and innocence is a "gateway to overcome the procedural bar."

Brown's objections are without merit. The Magistrate Judge was not appointed as a "special master" under Rule 53(b), but rather to make recommendations pursuant to 28 U.S.C. §636(b). No consent is required for a referral under 28 U.S.C. §636(b), and litigants may not withhold consent to a referral under this provision. Newsome v. EEOC, 301 F.3d 227, 230 (5th Cir. 2002). The fact that the Magistrate Judge issued the Report in Brown's prior case has no effect upon the present one.

Although Brown says that the present petition is not a challenge to his conviction, the validity of the prosecution, or the judgment of guilt, this fails to afford him any basis for relief because under those circumstances, Brown's petition lacks merit on its face. As the Magistrate Judge correctly explained, Brown cannot challenge the outcome of a previous federal habeas petition by filing a successive one; such a petition does not meet the "in custody" requirement because Brown is not "in custody" under the court decision he claims to challenge, which is the federal court's decision denying habeas relief. *See generally* Hendrix v. Lynaugh, 888 F.2d 336, 337 (5th Cir. 1989); Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925 (1989). To the extent that Brown seeks to challenge his convictions for intoxication manslaughter, his petition is successive. Brown's objection on this point is without merit.

Finally, Brown argues that his previous petition should have been dismissed without prejudice and that "actual innocence is a gateway to overcome the procedural bar." The present case is not the proper forum in which to raise these contentions, because the present case cannot litigate the propriety of the dismissal of Brown's prior petition. Although the appeal time has expired in Brown's previous case, he remains free to file in that case a motion for relief from judgment under

Rule 60(b), Fed. R. Civ. P., provided that he can meet the prerequisites for such a motion as set out in the Rule. The Court offers no opinion at this time as to the merits of any such motion which Brown may file. His objections in the present case are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 4) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, with refiling conditioned upon Brown's receiving permission from the Fifth Circuit Court of Appeals to file a second or successive petition. 28 U.S.C. §2244(b)(3). To the extent that Brown complains of the denial of his previous federal habeas petition in the present one, such complaint is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Kevin Brown is hereby DENIED a certificate of appealability *sua sponte*. This denial relates only to an appeal of the present case; neither the denial of the certificate of appealability nor the dismissal of this complaint shall prevent Brown from seeking permission from the Fifth Circuit Court of Appeals to file a successive complaint challenging his convictions. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 2nd day of November, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE